

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAL WILLIAMS,

        Plaintiff,

   -against-

AARON JOHNSON,

        Defendant.

17-CV-2351 (BCM)

**ORDER RE MOTION IN LIMINE**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court's Trial Scheduling Order required the parties to file "[a]ny motions in *limine*" by November 20, 2020. (Dkt. No. 59.) On that date, defendant Johnson filed a motion (Dkt. No. 60) seeking an order (a) dismissing plaintiff's claims for malicious prosecution and denial of the right to a fair trial on the ground that plaintiff could not "establish that he received a favorable termination" of the criminal case against him, *see* Def. Mem. of Law (Dkt. No. 62) at 1; and (b) precluding plaintiff from "inquiring about any disciplinary histories, and/or civil rights actions which have been filed against Defendant Johnson." *Id*. at 9.

    On December 2, 2020, after obtaining and reviewing the transcript of the state court proceeding at which the criminal case was dismissed, defendant withdrew his motion insofar as it sought the dismissal of plaintiff's malicious prosecution and fair trial claims. (Dkt. No. 64.)[1]

    On December 4, 2020, in his opposition brief, plaintiff represented that he "does not intend to introduce evidence of allegations that defendant Johnson engaged in other misconduct, and will not seek to present evidence from any CCRB or IAB complaints or investigations, or the fact or substance of other civil lawsuits." Pl. Mem. of Law (Dkt. No. 66) at 2. Plaintiff went on to state

---

[1] The transcript (Dkt. No. 65-1) reveals that the People moved "to dismiss the case because we cannot prove it beyond a reasonable doubt. There is insufficient evidence from which to conclude that the defendant exercised dominion or control over the firearm and marijuana that was recovered during the execution of the search wanter [sic] in this case."

that he "will be seeking" to "preclude or limit the defendant from introducing evidence of plaintiff's criminal history because, in part, a Fed. R. Evid. 402/403 balancing test favors the preclusion of such collateral information." *Id*. Plaintiff added that "neither the individual defendant nor other NYPD defense witnesses should be permitted to introduce commendations, promotions, and other evidence that amplifies their positive history. Any claims or insinuations by defendant or his witnesses as to their prior professional achievements and good citizenship would open the door to evidence of prior wrongdoing to ensure that the Court is not misled." *Id*.

Since defendant's *limine* motion, to the extent not withdrawn, is unopposed, it is GRANTED. Plaintiff is precluded, at trial, from inquiring about any disciplinary history and/or civil rights actions filed against defendant Johnson.

To the extent plaintiff's opposition brief was intended as a cross-motion seeking a *limine* order as to his criminal history (if any) or as to evidence concerning the "prior professional achievements and good citizenship" of the defendant or other police witnesses, the motion is DENIED as untimely. The Court further observes that, because the parties have elected a bench trial, there is virtually "no potential for undue prejudice." *Serby v. First Alert, Inc.*, 2015 WL 4494827, at *1 (E.D.N.Y. July 22, 2015); *see also Thomas v. West*, 2019 WL 1206696, at *2 n.1 (S.D.N.Y. Mar. 14, 2019) (noting that "in the context of a bench trial, the risk of prejudicing the factfinder is dramatically lessened," and denying defendant's *limine* motion to exclude evidence of plaintiff's punitive damages and defendant's financial condition).

Dated: New York, New York
      December 8, 2020          **SO ORDERED**.

                                          **BARBARA MOSES**
                                          **United States Magistrate Judge**