# LUMER LAW GROUP

Attorneys At Law

THE WOOLWORTH BUILDING
233 BROADWAY SUITE 900
NEW YORK, NEW YORK 10279

WWW.LUMERLAW.COM
(212) 566-5060





December 30, 2020

**By ECF**

Hon. Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Williams v. City of New York, et al.,
     17 CV 2351 (BCM)

Dear Judge Moses:

  We represent plaintiff Jamal Williams and write to respectfully request a pre-motion conference at the earliest possible time to discuss plaintiff's intended motions (i) to voluntarily dismiss the above action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2); (ii) stay all pending deadlines until this application is adjudicated; and (iii) for sanctions and costs against the defendant and defense counsel pursuant to Fed. R. Civ. P. 37(d) for their deliberate withholding of highly relevant discovery.

**Relevant Factual and Procedural History**

  This action concerns plaintiff's arrest in his apartment on November 18, 2015, by defendant Johnson and other members of the NYPD during the execution of a search warrant. Plaintiff and his brother Andrew Hudson were arrested and criminally charged with possessing a handgun and marijuana. There is no dispute that the handgun was recovered from inside a knapsack found in Hudson's bedroom, and that ammunition was found in a shoebox that was also in Hudson's bedroom. No contraband was found in plaintiff's bedroom. The parties dispute whether marijuana was found anywhere in the apartment other than in Hudson's bedroom.

  Plaintiff, without counsel, gave recorded statements to both the NYPD and the New York District Attorney ("NYDA") in which he denied any knowledge concerning the handgun or the marijuana. Plaintiff was prosecuted for a period of about seven months before the NYDA moved to dismiss on the grounds that they could not prove the case beyond a reasonable doubt.

**LUMER LAW GROUP**

Hon. Barbara C. Moses
December 30, 2020
Page -2-

Plaintiff filed this action on March 31, 2017. The defendants filed their answer on August 4, 2017. According to NYPD paperwork, members of the NYPD were told by a person whose name was redacted by defense counsel that they had seen Jamal Williams handling a handgun inside the apartment earlier that November of 2015. This information was essential to the issuance of the November 2015 search warrant.

Defendants did not produce any videos with their initial disclosures, not did they provide a privilege log or otherwise suggest that they were withholding video evidence. Similarly, when plaintiff demanded through various document demands the production of any videos concerning, in relevant part, the recovered handgun, defendants responded with a battery of boilerplate objections, argued that the video was work product, and asserted the law enforcement privilege and the official information privilege. Again, no privilege log was provided. Most notably, defendants objected on the ground that the evidence was not in defendants' possession, custody, or control. That response was dated October 2, 2017.

Yesterday afternoon, defendant produced to plaintiff for the first time a short video apparently taken with a cell phone that appears to show plaintiff with a handgun similar to that recovered on November 18, 2015. The defendant claimed, in an accompanying cover letter, that the video was a "Social Media Video." (See **Exhibit 1**). Today, the Law Department advised that the video had been taken from plaintiff's Facebook page. More importantly, they admit that defendant Johnson had been in possession of the video since prior to the November 18, 2015, warrant execution, and that "[t]**he City obtained this video no later than September 27, 2017**. (See **Exhibit 2** at 3).

### Motion for Leave to Voluntarily Dismiss the Action

In broad strokes, plaintiff testified at deposition that he was unaware there was a gun in the apartment and denied having seen that gun prior to its recovery by the NYPD. This was consistent with his recorded post-arrest statements. The video produced yesterday–which the Law Department has had for more than three years–contradicts these statements. I have discussed the matter with plaintiff and he wishes to discontinue the action. This dismissal would obviously be with prejudice.

Speaking for myself, prior to yesterday afternoon I had no idea that this video existed, or of the facts and evidence suggested in the video. Had I been made aware earlier, I would have sought immediately to discontinue the action or move to be relieved as counsel.

### Motion to Stay All Pending Deadlines

There is a deadline of January 4, 2021, for various pretrial filings. Plaintiff is asking that all such deadlines by adjourned *sine die*. If plaintiff's motion to dismiss the action is denied, the undersigned will be moving separately to be relieved as counsel. Hence, enforcing the existing deadlines under these circumstances would serve no practical purpose.

**LUMER LAW GROUP**

Hon. Barbara C. Moses
December 30, 2020
Page -3-

**Motion for Sanctions**

In an email earlier today, ACC Bilal Haider candidly acknowledges that the defendant has had the video since prior to the arrest. (Exh. 2). What is more significant is that his lawyers have had the video for well over three years and failed not only to produce it, but to acknowledge its existence.

This video goes both to the heart of this case (whether defendants had probable cause to arrest and prosecute plaintiff for the actual or constructive possession of the handgun) and the plaintiff's disavowals of knowledge of the gun in his post-arrest statements. As defendants are claiming to have located the video from plaintiff's public Facebook page, they can hardly claim that the video was privileged. And, even if there was a "social media privilege" of some sort, they were obligated to identify the video and the basis for withholding it. They did neither, choosing instead to wait until trial was only a few weeks away before turning it over when drafting the Joint Pretrial Order made further obfuscation impossible.

I do not mean to suggest that the gamesmanship of Johnson and his attorneys should mitigate or excuse any acts or omissions by plaintiff. Rather, counsel's deliberate flouting of their ethical and legal obligations must be treated as distinct from those of plaintiff. By choosing to withhold evidence they were required to produce pursuant to Rule 26, 34, and 37, they caused this litigation to continue onward for more than three years. During the period of time the parties and the Court were compelled to expend hundreds of hours of labor time, including that spent by Judge Ramos in adjudicating the defendants' motion for summary judgment, and that of this Court once the case was reassigned for all purposes.

This Court is vested with broad discretion to fashion remedies and sanctions for discovery abuses. *Gilmore v. The City of New York*, 2020 WL 7480620, at *1 (S.D.N.Y. Dec. 18, 2020) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). Rule 37 of the Federal Rules of Civil Procedure allows for a "wide range of sanctions for . . . discovery abuses." *Mali v. Federal Ins. Co.*, 720 F.3d 387, 392 (2d Cir. 2013). Such sanctions may include "orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)).

Here, the intentional withholding of evidence by defense counsel necessarily resulted in the needless expenditure of many hours and dollars, and wasted the Court's valuable time and resources. It also wrongly suggests that an attorney's duty to abide by the Federal Rules of Civil Procedure, or any other legal authority, is wholly discretionary. Defense counsel should not be permitted to proceed as though they did nothing wrong or that the plaintiff's own conduct somehow relieved them of their ethical and legal duties as officers of the court.

LUMER LAW GROUP

Hon. Barbara C. Moses
December 30, 2020
Page -4-

## Conclusion

We are moving to withdraw this action because we must. So too should defendant and his counsel be held accountable for their deliberate violation of basic discovery rules and orders.

Plaintiff therefore intends to move for leave to voluntarily dismiss the action with prejudice. In the alternative, the undersigned will move to be relieved. At the same, we believe it important to hold defendant and his counsel accountable for their deliberate misconduct, and thus intend to pursue a motion for sanctions under Rule 37. In the interim, we ask that the Court adjourn the current submission and trial deadlines *sine die*.

Thank you for your consideration.

Respectfully submitted,

Michael Lumer

cc:   All counsel of record (By ECF)

---

Defendant shall respond to plaintiff's letter-motion no later than **January 4, 2021**. The January 4 deadline for submitting the Joint Pretrial Order and related materials is hereby *ADJOURNED SINE DIE*. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
December 30, 2020